[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant Willie Jackson was charged with domestic violence, a fifth-degree felony, in violation of R.C. 2919.25(A). After a trial to the court, he was found guilty and sentenced as appears of record.
 {¶ 3} In his sole assignment of error, Jackson contends that there was insufficient evidence to support his conviction and that his conviction was against the manifest weight of the evidence. We disagree.
 {¶ 4} To reverse a conviction for insufficient evidence, the reviewing court must be persuaded, after viewing all the evidence in the light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.[1] To reverse a trial court's decision on the manifest weight of the evidence, the reviewing court must weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2] A new trial should be granted only in exceptional cases where the evidence weighs heavily against the conviction.[3] In weighing the evidence, the trier of fact is free to believe all, part, or none of any witness's testimony.[4]
 {¶ 5} Jackson was charged with and convicted of domestic violence under R.C. 2919.25(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." In viewing the evidence in the light most favorable to the prosecution, we hold that a rational trier of fact could have found that the state had sufficiently proved the elements of domestic violence beyond a reasonable doubt.
 {¶ 6} During the trial, the state presented the following evidence: On October 12, 2002, Jackson and his wife had been married and living together for three years. The two had an argument earlier over her not leaving money or an ATM card in the house for him. Jackson's wife came home with two friends, and Jackson asked her to come upstairs with him. Jackson was angry. They went in a bedroom closet and Jackson closed the door. Inside he yelled at her and threatened her. On the way down the stairs, Jackson kneed his wife in the back, causing her to stumble. A few minutes later, he called her upstairs again and began pushing her backwards with his elbows. She hit her head on the wall, and Jackson held her down on the bed by her arms. Their physical struggle ended when a friend heard her yelling and came up the stairs. Jackson's wife admitted throwing items at Jackson once the struggle had ended. One of her friends had called the police. When the police arrived, Jackson's wife told them that she had a headache and a scratch on her neck. A police officer who had responded to the scene testified that he had observed the scratch on her neck.
 {¶ 7} Jackson testified in his own defense. While he admitted raising his voice during a discussion with his wife in a closet on the evening of October 12, 2002, and placing her on the bed, he denied causing his wife any physical harm. He testified instead that his wife had been the aggressor by swearing at him, striking him, and throwing things at him. To impeach Jackson's testimony, the state introduced letters that Jackson had written to his wife while in prison. In one of the letters, Jackson had stated, among other things, that "[he] had learned [his] lesson * * *." In view of all of the foregoing, the evidence was sufficient to support Jackson's conviction.
 {¶ 8} Furthermore, upon applying the manifest-weight standard to the evidence, we also conclude that the trial court did not lose its way and create such a manifest miscarriage of justice that a new trial is required. Here the trial court obviously believed the testimony of the state's witnesses instead of Jackson's testimony. Because the trial court, as the trier of fact, was in the best position to judge the credibility of the witnesses and because it was free to reject Jackson's testimony, we cannot say the trial court's judgment was against manifest weight of the evidence. We, therefore, overrule Jackson's sole assignment of error and affirm the judgment of the trial court.
 {¶ 9} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Gorman and Winkler, JJ.
[1] State v. Waddy (1992) 63 Ohio St.3d 424, 430, 588 N.E.2d 819.
[2] State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52,678 N.E.2d 541.
[3] Id. at 387.
[4] State v. Hawkins (1993), 66 Ohio St.3d 339, 344, 612 N.E.2d 1227, citing State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.